UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JOHN FREDERICK LESLIE and
BEVERLY BRUMFIELD LESLIE,

       Debtors,

JOHN FREDERICK LESLIE and
BEVERLY BRUMFIELD LESLIE,

       Appellants,

v.                      Civil Action No. 2:06-0719
                        Bankruptcy No.  2:04-20657
                        Adversary No.   2:04-2113

PUTNAM COUNTY BANK,

       Appellee.

MEMORANDUM OPINION AND ORDER

       Appellants, John Frederick Leslie and Beverly Brumfield Leslie ("Leslies"), appeal the July 11, 2006 order of the bankruptcy court.

I.

       The entirety of the factual findings in the bankruptcy court order under appeal, none of which are challenged, are as follows:

     1.  Plaintiff John Leslie ("Leslie") began his relationship with the [Putnam County] Bank in 1942,

when he opened an account as a youth.  Later, when he
entered the contracting business, Leslie routinely
financed various projects through the Bank [and] over
the years established an amicable relationship with the
bank.

2.   On September 19, 1989, Leslie financed the
development of Oakbridge Townhomes, Lot 2 -- a series
of 20 patio homes -- through the Bank.  The Leslies
voluntarily executed a demand Deed of Trust Note in the
amount of $310,000, payable to the Bank and executed a
Deed of Trust to Lot No. Two, Section 1, Oakbridge
Townhomes to secure the debt.[1]

3.   On March 3, 1992, the Leslies consolidated
multiple demand notes into a $400,000 demand Deed of
Trust Note payable to the Bank and voluntarily executed
a Deed of Trust to 31.39 acres in Putnam County to
secure that debt.

4.   The Bank sent monthly notices of interest payments
to the Leslies who made regular payments on the notes
until the mid-1990's when regular payments stopped due
to the Leslies' loss of income.  The specific facts
surrounding the payments and stoppage are not relevant
to the further disposition of the matter.

5.   On March 10, 2004, the Leslies filed for a
petition pursuant to Chapter 13 of the Bankruptcy Code.

6.   On September 3, 2004, the Bank filed its proofs of
claims in the main case with regard to the two notes.

7.   There was no evidence presented for the record
that the Deeds of Trust securing the two notes were
obtained by any means other than the Leslies' voluntary

---

[1]   The court notes that this deed of trust and note were
executed not by the Leslies but by John Leslie Corporation, Inc.,
a corporation.  Apparently, the Leslies' residence is located on
the property conveyed by this deed of trust and the transaction
is treated by the parties as though the Leslies are the parties
in interest.

        execution of them to provide comfort, assurance and
        security to the Bank.

(Bankr. Ct. Order - Facts ¶¶ 1-7).

        On November 4, 2004, Putnam County Bank ("Bank") filed

a motion for relief from the automatic stay in order to foreclose

upon the deed of trust securing the $310,000 borrowed in 1989.

(Leslies' Br. at 2; Bank's Br. at 2).  On November 11, 2004, the

Leslies brought an adversary proceeding challenging the Bank's

claims.  (Bank's Br. at 2).

        On March 16, 2005, the Leslies amended their complaint,

alleging in Counts I and II that the Bank's claims upon the

$400,000 and $310,000 notes are barred by the statute of

limitations.  (Am. Compl. ¶¶ 6-13).[2]

        The Bank filed a motion for summary judgment as to

Counts I and II on October 3, 2005, contending the Bank's claims

to the two notes and underlying security are allowable. (Bank's

Memo. in Supp. of Part. M.S.J. at 2).  When the parties appeared

for a hearing on the cross-motions for summary judgment on June

13, 2006, the bankruptcy judge orally indicated that the Bank was

_____

        [2]  Count III, the only remaining count, alleges a claim for
defendant's wrongful conversion of the plaintiffs' bulldozer.
(Am. Compl. ¶¶ 14-16). It is not in issue on appeal.

3

entitled to summary judgment as to Counts I and II inasmuch as
the judge considered the deeds of trust to be enforceable
irrespective of whether the statute of limitations had expired on
the notes.   (07-11-06 Bankr. Ct. Order at 1; 06-13-06 Hrg. Trans.
at 8-12).   The order memorializing this decision was entered by
the bankruptcy court on July 11, 2006, and it is this order from
which this appeal is taken.

II.

Separate statutes of limitations govern the deeds of
trusts and the notes.  As to the deeds of trust, the relevant
statute of limitations, in effect at the time the instruments in
issue were executed in 1989 and 1992, provides in pertinent part
as follows:

> No lien . . . created by any trust deed or mortgage on
> real estate, shall be valid or binding as a lien on
> such real estate, after the expiration of twenty years
> from the date on which the debt or obligation secured
> thereby becomes due . . . ."

W.Va. Code § 55-2-5 (1972).  It is both obvious and undisputed
that less than twenty years has elapsed since the notes secured
thereby became due.

As to the notes, the applicable statute of limitations is in dispute.  The court finds, much as did the bankruptcy court, that it is unnecessary to resolve that question for purposes of ruling on the issues properly arising in this appeal. While the filing of the proofs of claim were clearly prior to the expiration of the 20-year statute of limitations period governing the deeds of trust, they were arguably not before the expiration of the statute of limitations for the notes.

The bankruptcy court dismissed Counts I and II on the narrow ground that the deeds of trust remain in effect regardless of whether the statute of limitations had expired on enforcement of the notes.  Paragraph 1 of the bankruptcy court's conclusions of law section states as follows:

> On both instances before this Court, the Leslies borrowed money from the Bank which created the debts. Each of those debts were reflected by a note and secured by a deed of trust both of which were voluntarily given.  Under this State's law, the debt remains even if the remedy for enforcement of the notes is barred.  The law is settled that the Bank is entitled to retain its security notwithstanding any successful pleading of the statute of limitations on the notes.  In any event the Bank still has a valid lien created by the deeds of trust on the subject properties.  Roots v. Mason City S. & M. Co., 27 W.Va. 483 (1886); Accord, Morgan v. Farmington Coal & Coke Co., 97 W.Va. 83, 124 S.E. 591, 597 (1924); Pitzer v. Burns, 7 W.Va. 63 (1873).

(Bankr. Ct. Order - Law ¶ 1).

5

The bankruptcy court correctly notes that the West Virginia Supreme Court of Appeals has repeatedly found that even though a deed of trust note may not be enforced because the statute of limitation has run on the note, foreclosure on the deed of trust is not, for that reason alone, barred. Morgan, 124 S.E.2d at 597 ("We cannot see that the remedy on the lien would be changed in character because the note itself could not be enforced. The loss of the remedy on the note would not change the character of the debt or the lien which secured it. The theory by which the holder of the note after it is barred by limitation can proceed to enforce the lien securing it is that the creditor has two remedies, and we cannot see that the loss of one remedy would change the other and make it less effective."); Roots, 27 W.Va. at 494-495 (debt remained and creditor's rights in deeds of trust secured by bonds were unimpaired despite the fact that suit on bonds was barred by the statute of limitations); Pitzer, 7 W.Va. at 77 ("It has been held that 'although the plaintiff's remedy upon the note is gone, it does not necessarily follow that his right to resort to the pledge is lost. And it has accordingly been holden that, notwithstanding an action for the recovery of the debt is barred, the mortgagee

may afterwards sustain a bill to foreclose the equity of
redemption.'").

      The majority rule is to the same effect, namely, that
even where a note is barred from enforcement by the statute of
limitations, the mortgagee may maintain an action of foreclosure
on the deed.  See, e.g., Magnolia Federal Bank of Savings v.
U.S., 42 F.3d 968, 972 (5th Cir. 1995) (applying Mississippi
law); Huntington v. McCarty, 174 Vt. 69, 71-72, 807 A.2d 950,
952-953 (Vt. 2002); Del Norte, Inc. v. Provencher, 142 N.H. 535,
703 A.2d 890, 893 (N.H. 1997); Sipe v. McKenna, 88 Cal.App.2d
1001, 200 P.2d 61, 64 (Cal. 1948); Montgomery v. Wolfe, 176 Tenn.
462, 143 S.W.2d 717, 719 (Tenn. 1940); Burrer v. Burrer, 65 S.D.
520, 275 N.W. 344, 347 (S.D. 1937); Markham v. Smith, 119 Conn.
355, 176 A. 880, 882 (Conn. 1935); see also George E. Osborne,
Handbook on the Law of Mortgages § 296 (2d ed. 1970).

      The majority rule and the approach adopted by the West
Virginia Supreme Court of Appeals in Roots, Morgan, and Pitzer
are in accord with the well-established principle that the
running of the statute of limitations bars the remedy, but not
the underlying right, at issue.

    Generally speaking, a statute of limitations
    establishes the time period within which lawsuits may
    be commenced after a cause of action has accrued.  See

> 51 Am.Jur.2d Limitation of Actions § 13 (1993).  It is
> an affirmative defense, affecting the remedy, but not
> the existence of the underlying right.  See Paver &
> Wildfoerster v. Catholic High Sch. Ass'n, 38 N.Y.2d
> 669, 382 N.Y.S.2d 22, 25, 345 N.E.2d 565 (N.Y.1976).

Stuart v. American Cyanamid Co., 158 F.3d 622, 627 (2d Cir.

1998); see also Delon Hampton & Associates, Chartered v.

Washington Metropolitan Area Transit Authority, 943 F.2d 355,

360-361 (4th Cir. 1991).  The West Virginia Supreme Court of

Appeals appears to recognize this principle in a footnote in West

Virginia Human Rights Com'n v. Garretson, 196 W.Va. 118, 468

S.E.2d 733 (1996):

> The bar to a claim raised by the statute of limitations
> is an affirmative defense to the cause.  See, e.g.,
> W.Va. R. Civ. P. 8(c).  When properly raised, and if
> found to apply, the running of the statutory period
> means that the plaintiff is not entitled to a judicial
> remedy for the alleged wrong.  See 5 Charles A. Wright
> & Arthur R. Miller, Federal Practice & Procedure Civil
> 2d § 1270 and n. 29 at 425 (1990).  The raising of the
> statutory bar to a remedy does not, as such, deprive
> the court of jurisdiction to hear the cause in the
> first instance.

Id. 196 W.Va. at 123 n. 4, 468 S.E.2d at 738 n. 4 (emphasis

added).  Because the running of the statute of limitations bars

the enforcement of the remedy on the note, but not the right to

that which the note represents, it follows that an alternate

means of enforcing the right, such as foreclosing on the deed of

trust that secures the note, is permissible.  And so, the

bankruptcy court correctly concluded that "the debt remains even

if the remedy for enforcement of the notes is barred." (Bankr.
Ct. Order - Law ¶ 1).

In an effort to refute the precedent of Roots, Morgan,
and Pitzer, the Leslies rely on syllabus point 3 of Miller v.
Diversified Loan Serv. Co., 181 W.Va. 320, 382 S.E.2d 514 (1989),
which provides: "In a suit to enforce a lien securing a
negotiable note, the same defenses are generally available as
would be in a suit on the note itself." (emphasis added). Based
upon this syllabus point, the Leslies contend "since a statute of
limitation would be a defense in a suit on the note, the same
statute of limitations should also bar a suit [footnote omitted]
to enforce a lien securing the note." (Leslies' Br. at 5). The
Leslies overstate the essence of the language of syllabus point
3. The statute of limitations defense "available . . . in a suit
on the note itself" is by definition the statute of limitations
pertaining to the note, not the statute of limitations relating
to something else, such as that governing enforcement of the lien
of a deed of trust.

Moreover, syllabus point 3 of Miller, must be placed in
the larger context of the opinion. The statute of limitations
portion of the opinion is discussed in section I of Miller,
wherein it is held in syllabus point 1 that laches is not a bar

9

to an action for the enforcement of the lien of a deed of trust

if the statute of limitations is not a bar.   Syllabus point 3 is

extracted from section II which considers the rights of holders

in due course.   <u>Miller</u>, 181 W.Va. at 321, 382 S.E.2d at 515.

          The West Virginia Supreme Court's evaluation of the

relevant statute of limitations in section I of <u>Miller</u> looked

only to the twenty-year period for deeds of trust as set forth in

W.Va. Code § 55-2-5 (1972) and made no mention of the statute of

limitations governing notes.   <u>Id.</u> at 321-323, 382 S.E.2d at 515-

517.   On the other hand, section II of <u>Miller</u> states:

> The parties also raise the question of whether [the
> creditor] Diversified is a holder in due course.   It
> must first be pointed out that in a suit to enforce a
> lien securing a negotiable note, the same defenses are
> generally available as would be in a suit on the note
> itself.   <u>See</u> 55 Am.Jur.2d <u>Mortgages</u> § 1308 (1971).   We
> spoke to this question in <u>Morgan v. Farmington Coal &
> Coke Co.</u>, 97 W.Va. 83, 124 S.E.2d 591 (1924), where a
> holder in due course of a note sought to foreclose
> under a vendor's lien.   We recognized in Syllabus Point
> 7 of <u>Morgan</u> that the holder in due course took free of
> the equities of the original parties:
>
> > The remedy, free from all equities between the
> > original parties, is fixed as of the time the notes
> > are purchased by the holder in due course, and the
> > character and strength of the remedy is not changed
> > or weakened because the other remedy (suit on the
> > notes) is barred by limitation.
>
> However, it is equally clear that if the holder of the
> note was not a holder in due course, then all defenses
> against the original holder would also be available.
> <u>See</u> <u>Roane County Bank v. Phillips</u>, 124 W.Va. 720, 22

> S.E.2d 291 (1942); see generally 55 Am.Jur.2d.
> Mortgages § 1308 (1971); Annot., 127 A.L.R. 190 (1940).
> Thus, for purposes of determining the defenses
> available against Diversified, we must look to its
> status as a note holder under the Uniform Commercial
> Code.

Miller, 181 W.Va. at 323, 382 S.E.2d at 517.  This passage,

including its citation to Morgan, explains, in effect, that a

holder in due course is not subject to all of the same defenses

that could have been asserted as between the original parties.

Although the sentence from which the syllabus point is taken

states that defenses for a note will "generally" be available for

a lien as well, there is no specific mention in section II that

the running of the statute of limitations on the note is a bar to

a suit to enforce the lien.  If Miller meant to overrule the

precedent of Roots, Morgan, and Pitzer, and if Miller meant to

sharply limit W.Va. Code § 55-2-5 (1972) as the Leslies would do,

surely the Supreme Court of Appeals would have said so

explicitly.[3]

_____

   [3]  The Leslies further contend the language of the deeds of
trust compels a finding that the deeds were to secure the notes
only, not the underlying obligations.  The Bank, on the other
hand, points to a portion of the foreclosure section found in
paragraph 10, which provides:

>    In addition to the remedies herein contained the note
>    or obligation hereby secured may be collected by proper
>    action, foreclosure of this trust deed or any other
>    legal or equitable proceeding . . . .

(Bank's Br. at 11, citing Deed of Trust ¶ 10, attached as Ex. B

### III.

It is, for the foregoing reasons, ORDERED that the decision of the bankruptcy court, dated July 11, 2006, be, and it hereby is, affirmed.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and the United States Bankruptcy Judge.

DATED: September 18, 2007

John T. Copenhaver, Jr.
United States District Judge

---

to Br.) (emphasis added).  Whether the underlying right sought to be enforced here is treated as the note itself or the obligation represented by the note, the result is the same -- the lien of the deed of trust remains enforceable, under W.Va. § Code 55-2-5 (1972) applicable here, for twenty years from the date "the debt or obligation" became due.

12